15 F.3d 1091
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David GARRETT, aka David Garrette, Defendant-Appellant.
 No. 93-10087.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 21, 1993.
 
 Before: SNEED, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Garrett appeals his conviction following his conditional guilty plea to possession of a firearm by a felon in violation of 18 U.S.C. Sec. 922(g)(1). Garrett contends the district court erred by denying his motion to suppress evidence because the arresting officers violated his rights under the Fourth Amendment by arresting him after entering an apartment without a search warrant or valid consent by the apartment dweller. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review de novo a district court's denial of a motion to suppress. United States v. Garcia, 997 F.2d 1273, 1279, (9th Cir.1993). We uphold its underlying findings of fact, including a finding that a person consented to a search, unless clearly erroneous, id. at 1279, 1281, and accord special deference to its credibility findings, United States v. Ramos, 923 F.2d 1346, 1356 (9th Cir.1991). Absent exigency or consent, a warrantless entry into a residence is impermissible under the Fourth Amendment. Steagald v. United States, 451 U.S. 204, 211 (1981); United States v. Shaibu, 920 F.2d 1423, 1425 (9th Cir.1990). The government bears the burden of proving effective consent. Shaibu, 920 F.2d at 1426.
 
 
 4
 Here, the arresting officers, with an arrest warrant for Garrett for a parole violation but no search warrant, entered an apartment occupied by Risha Minniefield, saw Garrett sitting on the couch, asked him what his name was, and arrested him. He was carrying two firearms. At the suppression hearing, Minniefield testified that the officers, without identifying themselves as police officers, asked if they could talk to her, and then entered the apartment without her consent. Detective Bradley Hunt, who was in plain clothes at the time of the arrest, and Officer Ronald Stiso, who was in uniform, testified that they identified themselves as police officers, said they wanted to talk to her, and asked if they could step inside. They testified that she assented, both verbally and by stepping back and opening the door. The district court also heard testimony that Minniefield had been convicted of giving false information in a police report. The district court found that Minniefield's testimony was less credible than that of the officers, and that she had consented to their entry into the apartment.
 
 
 5
 On the record before us, the district court's finding that Minniefield had consented to the entry is not clearly erroneous. See Garcia, 997 F.2d at 1281 (finding that defendant understood request to talk as request to enter not clearly erroneous); cf. Shaibu, 920 F.2d at 1424 (consent cannot be inferred where officers followed defendant through open door into his apartment without requesting permission to enter, and defendant said nothing implying consent). Accordingly, the district court did not err by denying Garrett's motion to suppress.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3